## Bartleson et al. v. Glen Alden Coal Co. et al.

*D. J. Flood* and *J. L. Brown*, for plaintiffs.

*J. H. Oliver, F. B. Gelder, G. S. McClintock* and *Hessel, Coughlin & James*, for defendants.

FLANNERY, J., for court en banc, July 25, 1947.— Ross Bartleson, minor plaintiff, came into contact with electric current conveyed through a high tension transformer on lands of defendant company, which tower was at the time in the process of repair and reconstruction at the hands of William B. Richards, a contractor and co-defendant.

Plaintiffs sued both jointly and having alleged permissive use of the land in question by children generally in the vicinity, charged that defendants, both the coal company and the contractor in immediate charge, negligently and carelessly permitted minor plaintiff to have access to the high tension transformer tower, a dangerous agency likely to burn and electrocute.

Defendant company filed its answer in which it averred that the premises were in possession and control of the contractor.

The contractor raises preliminary objections:

"The complaint filed does not allege specifically as against William B. Richards what negligent acts of commission or omission occurred independently of or concurrently with similar actions upon the part of Glen Alden Coal Company, the other defendant, which resulted in the damage claimed.

"The complaint does not conform to rule 1020(b) as required by rule 1041 of the Rules of Civil Procedure in that it does not state the cause of action, special damage and demand for relief of each plaintiff in separate counts properly headed."

The principal averment of negligence is contained in the 12th paragraph of the complaint in which, after alleging permissive use of the premises, it is charged that defendants, with knowledge of the hazard per-

mitted the public, including minor plaintiff, to have access to the dangerous instrumentality to his injury.

"A plaintiff may join as defendants persons against whom he asserts any right to relief jointly; severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action": Pa. R. C. P. no. 2229(b). With the joinder, therefore, there can be no complaint. The sufficiency of the allegations as to the negligence is not so clear. There are given no details. But the averment of permissive use is clear, the danger of the instrumentality is clear and the giving of access to a minor child under such circumstances is set forth. These are the bases of liability. Each defendant is charged with responsibility. Whether joint or several, concurrent or successive, does not appear but concert of action is charged and details beyond that are questions of proof before the jury. It is true the compass of negligence is narrow, and plaintiffs may upon trial find themselves confined within limitations that are close but these are the limitations which they themselves have set and it does not lie with defendants to complain.

The second reason advanced, i. e., that the complaint does not conform to the requirements of the Rules of Civil Procedure, must be sustained. Its validity is admitted by plaintiffs. There is some talk of waiver; that defendants will not insist upon the letter of the law in this respect. But nothing definite, nothing concrete came from this and on the record we are confronted on the one hand, with a pleading that admittedly does not conform to the rules and on the other hand, a formal objection to that pleading. We have no choice but to sustain the objections and,

Preliminary objections are sustained and plaintiffs are directed to file an amended pleading in conformity with the Rules of Civil Procedure.